IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAIR DOUGLASS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OPTAVIA LLC,<br><br>Defendant. | Civil Action No. 2:22-cv-00594-CCW |

**PLAINTIFF'S MOTION TO CERTIFY THE CLASS FOR SETTLEMENT PURPOSES AND FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff Blair Douglass ("Plaintiff"), on behalf of himself and all others similarly situated, hereby moves pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an Order conditionally certifying a class for settlement purposes, preliminarily approving the settlement, approving the proposed notice and notice plan, and setting aside dates for the submission of any objections to the proposed settlement agreement and a fairness hearing. **Defendant Optavia LLC ("Defendant") consents to the relief sought in this Motion**. In further support of the Motion, Plaintiff states as follows:

1. In June 2021, Plaintiff attempted to access Defendant's online store located at https://www.optavia.com/. (Doc. 1 at ¶ 45.)

2. Plaintiff could not access Defendant's online store because the store was not compatible with screen reader auxiliary aids, which Plaintiff uses to access digital content because he is blind.[1] (*Id.*)

---

[1] For semantic convenience, Plaintiff use the term "blind" in its broadest sense to include all persons who, under federal civil rights laws, have a vision-related disability that requires alternative methods to access digital information, like a Word document, email, text, or website.

3. Consistent with prior guidance from this District, Plaintiff contacted Defendant informally to explore a prelitigation solution that would ensure Defendant's online store becomes fully and equally accessible to blind screen reader users in the future. (*Id*. at ¶ 46.)

4. As a result of the parties' shared desire to achieve the best possible solution, Plaintiff filed a class action complaint on April 21, 2022. Plaintiff's complaint seeks declaratory and injunctive relief against Defendant, asserting Defendant does not have, and has never had, adequate corporate policies and practices reasonably calculated to cause its online store to be fully accessible to blind consumers, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq*., and its implementing regulations ("ADA"). (Doc. 1.)

5. After engaging in months of good faith negotiations, the parties reached a settlement and executed a proposed settlement agreement on May 25, 2022.[2] The agreement resolves this action and defines the settlement class as follows:

> [A]ll Blind or Visually Disabled individuals who use screen reader auxiliary aids to navigate digital content and who have accessed, attempted to access, or been deterred from attempting to access, or who may access, attempt to access, or be deterred from attempting to access [https://www.optavia.com/] from the United States.

6. Under the terms of the agreement,[3] Defendant shall ensure blind or visually disabled individuals are provided full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through the https://www.optavia.com/, and any website or mobile application that Defendant develops, starts to operate, or acquires in the future, and which is publicly available in the United States.

---

[2] The proposed Settlement Agreement is attached as Exhibit 1.
[3] The primary terms of the Settlement Agreement are explained more fully in the corresponding Memorandum.

7.  The proposed settlement agreement, notice,[4] and notice plan[5] mirror two class action settlements resolving nearly identical claims that recently received final approval in this District. *See Murphy v. Eyebobs, LLC*, No. 1:21-cv-00017, Doc. 49 (W.D. Pa. Feb. 9, 2022) ("*Eyebobs*") (Lanzillo, J.) and *Murphy v. Charles Tyrwhitt, Inc.*, No. 1:20-cv-00056, Doc. 47 (W.D. Pa. Feb. 16, 2022) ("*Charles Tyrwhitt*") (Paradise Baxter, J.).

8.  In light of the substantial relief obtained and the inherent risks of continued litigation, the settlement is fair, reasonable, and adequate. The proposed agreement is on par with—or exceeds—the relief achieved in analogous cases brought by the National Federation of the Blind, the Civil Rights Division of the U.S. Department of Justice, and in *Eyebobs* and *Charles Tyrwhitt*. It was reached after many months of good-faith negotiations at arm's length.

WHEREFORE, Plaintiff respectfully requests the Court:

(A)  Certify the class for settlement purposes and appoint Blair Douglass as class representatives and Plaintiff's Counsel as Class Counsel;[6]

(B)  Preliminarily approve the settlement as set forth in the proposed settlement agreement;

(C)  Approve the notice and notice plan, including by setting:

(1)  A date twenty-one (21) days after the Court grants preliminary approval as the deadline to publish notice of the settlement ("Notice Deadline");

(2)  A date forty-five (45) days after the Notice Deadline for Plaintiff to move for reasonable attorneys' fees and costs;

---

[4] The proposed long-form notice is attached to the Settlement Agreement as Agreement Exhibit 1. The proposed short-form notice is embedded within the Settlement Agreement at Sections 27.3 and 27.4.
[5] The proposed notice plan is attached to this Motion as Exhibit 2.
[6] Plaintiffs' counsel's resumes are attached to this Motion as Exhibit 3.

    (3) A date sixty (60) days after the Notice Deadline for submission of any objections to the Proposed Settlement Agreement;

    (4) A date ninety (90) days after the Notice Deadline for a fairness and final approval hearing, or as soon thereafter as the Court may set the hearing.

Respectfully submitted,

| | |
|---|---|
| Dated: May 25, 2022 | */s/ Kevin Tucker* |
| | Kevin Tucker (He/Him) (PA 312144) |
| | Kevin J. Abramowicz (He/Him) (PA 320659) |
| | Chandler Steiger (She/Her) (PA328891) |
| | Stephanie Moore (She/Her) (PA 329447) |
| | **EAST END TRIAL GROUP LLC** |
| | 6901 Lynn Way, Suite 215 |
| | Pittsburgh, PA 15208 |
| | https://eastendtrialgroup.com/ |
| | T. (412) 877-5220 |
| | ktucker@eastendtrialgroup.com |
| | kabramowicz@eastendtrialgroup.com |
| | csteiger@eastendtrialgroup.com |
| | smoore@eastendtrialgroup.com |
| | |
| | *Counsel for Plaintiff* |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this day, May 25, 2022, a true and correct copy of the foregoing document was filed on the Court's CM/ECF system and will be served upon all counsel of record.

    Respectfully Submitted,

Dated: May 25, 2022           */s/ Kevin Tucker*
                                         Kevin W. Tucker (He/Him)