IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAIR DOUGLASS, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>OPTAVIA LLC,<br><br>        Defendant. | Civil Action No. 2:22-cv-00594-CCW |

**JOINT NOTICE OF AMENDED CLASS ACTION SETTLEMENT AGREEMENT**

    Plaintiff Blair Douglass, on behalf of himself and all others similarly situated, and Defendant Optavia LLC hereby notify the Court that the parties have amended their proposed Settlement Agreement. As a result, if the Court grants Plaintiff's pending motion for preliminary approval, then the Court should approve the Settlement Agreement accompanying this Notice as Exhibit A, and not the agreement submitted previously at Doc. 7-1. In further support of this Notice, the parties state:

    1.    On April 21, 2022, Plaintiff filed a class action complaint asserting Defendant does not have adequate policies and practices to cause its online store to be accessible to blind[1] consumers, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.*, and its implementing regulations ("ADA"). (Doc. 1.)

    2.    After months of arms-length negotiations that occurred before and after Plaintiff filed his complaint, the parties executed a settlement agreement on May 25, 2022. (Doc. 7-1.)

---

[1] For semantic convenience, Plaintiff use the term "blind" in its broadest sense to include all persons who, under federal civil rights laws, have a vision-related disability that requires alternative methods to access digital information, like a Word document, email, text, or website.

1

3.      Pursuant to the agreement, Plaintiff filed a Motion To Certify The Class For Settlement Purposes And For Preliminary Approval Of Class Action Settlement ("Motion") on May 25, 2022. (Doc. 7.)

4.      The parties have remained engaged since Plaintiff filed his consented-to Motion.

5.      During the course of this engagement, the parties revisited the terms of the May 25, 2022 agreement and concluded that Section 5.1 could be misconstrued as limiting Defendant's obligations in a manner the parties did not intend. This section provides:

> Optavia shall not be required to ensure content and advertisements provided by third parties not fully owned, controlled, or operated by Optavia are Accessible.

(Doc. 7-1 at 10.)

6.      It was the parties' intent, and it remains their understanding, that that the carveout provided in Section 5.1 of the May 25, 2022 agreement applies to content and advertisements that might relate to Optavia but which appear on websites owned, controlled, and operated by third parties.

7.      For example, below is a screenshot from the Boston Herald's website. The screenshot features an advertisement for essential Accessibility at the top of the Boston Herald's homepage.



8. Like the example above, a consumer might encounter an advertisement for Optavia on the Pittsburgh Post-Gazette's website, which Defendant does not own, operate, or control.

9. Section 5.1 of the May 25, 2022 agreement made clear that Defendant would not be responsible under the agreement for making this content Accessible.

10. It is the parties' understanding that some class members might misconstrue Section 5.1 as applying to content developed by third parties and located on Defendant's own websites.

11. Although the parties disagree with this interpretation of Section 5.1, they have agreed to delete section 5.1 from the August 2, 2022 Settlement Agreement attached as Exhibit A.

12. Additionally, the parties agreed to add a new section to make Defendant's obligations under the Settlement Agreement consistent with the requirements of the ADA.

> 4.4. Notwithstanding anything to the contrary contained in this Agreement, it is agreed and understood that Optavia shall not be required to take any actions that would result in an undue burden as defined in 28 C.F.R. § 36.104.

13. There are no other changes between the original and amended agreements.

Respectfully submitted,

Dated: August 6, 2022

*/s/ Kevin Tucker*

Kevin Tucker (He/Him) (PA 312144)
Kevin J. Abramowicz (He/Him) (PA 320659)
Chandler Steiger (She/Her) (PA328891)
Stephanie Moore (She/Her) (PA 329447)
**EAST END TRIAL GROUP LLC**
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
https://eastendtrialgroup.com/
T. (412) 877-5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

*Counsel for Plaintiff and putative class*

*/s/ Lainie E. Cohen*
Lainie E. Cohen
Lazare Potter Giacovas & Moyle LLP
747 Third Avenue, 16th Floor
New York, New York 10017
T: (212) 758-9300
F: (212) 888-0919
lcohen@lpgmlaw.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, August 6, 2022, a true and correct copy of the foregoing document was filed on the Court's CM/ECF system and will be served upon all counsel of record.

Respectfully Submitted,

Dated: August 6, 2022                    */s/ Kevin Tucker*
                                                                  Kevin W. Tucker (He/Him)