# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAIR DOUGLASS, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>OPTAVIA, LLC,<br><br>            Defendant. | Civil Action No. 2:22-cv-00594-CCW |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Now pending before the Court is Plaintiff's Unopposed Motion to Certify Class for Settlement Purposes and for Final Approval of Class Settlement Agreement. On October 11, 2022, the Court preliminarily certified the following Settlement Class:[1]

> [A] national class including all Blind or Visually Disabled individuals who use screen reader auxiliary aids to navigate digital content and who have accessed, attempted to access, or been deterred from attempting to access, or who may access, attempt to access, or be deterred from attempting to access, the Website from the United States.

(Doc. 23 at ¶ 3.) The Court granted preliminary approval to the proposed class action settlement set forth in the Agreement. (*Id.*)

The Court held a final fairness hearing on January 23, 2023 to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether the Parties' Agreement should be given final approval; and (3) whether and in what amount to award attorneys'

---

[1] Unless otherwise defined herein, all capitalized terms have the meaning set forth in the settlement agreement, which is filed on the docket at ECF No. 12-1.

fees to Class Counsel and whether and in what amount to award an incentive award to Plaintiff. Having carefully considered the motion, the relevant legal authority, and the proposed Agreement and all supporting documents, the Court **GRANTS FINAL APPROVAL** of the Agreement as set forth below.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**

1. The Court has personal jurisdiction over the Parties, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, to enter this Final Approval Order.

2. The Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Lawsuit") and of the strengths and weaknesses of their respective positions. The Agreement was reached after the Parties engaged in extensive settlement discussions. Counsel for the Parties were therefore well-positioned to evaluate the benefits of the Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the distribution of the Class notice, as provided for in the Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Lawsuit, the nature and terms of the proposed settlement, their right to object to the proposed settlement, and their right to appear at the Fairness Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

4. The Agreement is finally approved in all respects as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties.

5. The Parties are hereby directed to implement the Agreement according to its terms and provisions.

6. The proposed Settlement Class is certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2) for purposes of settlement. The Settlement Class is defined as:

> [A]ll Blind or Visually Disabled individuals who use screen reader auxiliary aids to navigate digital content and who have accessed, attempted to access, or been deterred from attempting to access, or who may access, attempt to access, or be deterred from attempting to access the Website from the United States.

7. The Court appoints and designates Plaintiff Blair Douglass and as representative of the Settlement Class.

8. The Court finds Kevin Tucker, Kevin Abramowicz, Chandler Steiger, and Stephanie Moore of East End Trial Group LLC are experienced and competent class action counsel who fairly and adequately protected the interests of the putative class throughout this litigation and appoints them as Class Counsel for the Settlement Class.

9. Upon entry of this Final Approval Order, the Injunctive Releasing Parties shall, by operation of this Order Granting Final Approval of Class Action Settlement, fully and finally release, acquit, and discharge Defendant from the Released Injunctive Claims as set forth in the Agreement.

10. Pursuant to this release, Plaintiff and the Settlement Class Members shall not bring any claims concerning the Accessibility of the Digital Properties during the Agreement Term and, if applicable, the First Extended Agreement Term and Second Extended Agreement Term.

Notwithstanding this release, Plaintiff and the Settlement Class Members may fully utilize the Dispute Resolution Procedure during the Agreement Term and, if applicable, the First Extended Agreement Term and Second Extended Agreement Term.

11. Plaintiff and all Settlement Class Members are, from this day forward, hereby enjoined from asserting any Released Injunctive Claims through the Agreement Term and, if applicable, the First Extended Agreement Term and Second Extended Agreement Term, to enforce this Agreement.

12. The Parties shall move to dismiss the Lawsuit with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure no later than forty-five (45) days following the date of Final Approval and Defendant's payment of fees pursuant to the Agreement, whichever occurs later. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), the Parties' joint motion shall request that the Court's dismissal order expressly retain the Court's jurisdiction to enforce this Agreement against all Parties.

Entered and Ordered this 23rd day of January, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):
All Counsel of Record